**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JOSH BURGESS**, individually and on behalf of others similarly situated, | ) | Case No. |
| Plaintiff, | ) | |
| v. | ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **KAMCO INDUSTRIES, INC.**, | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

Plaintiff Josh Burgess ("Named Plaintiff"), individually and on behalf of others similarly situated, for his collective and class action Complaint against Defendant Kamco Industries, Inc., ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges Defendant's policies and practices that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, and O.R.C. § 2307.60. Named Plaintiff also brings this lawsuit under the common law of Ohio for Defendant's failure to pay Named Plaintiff for all hours worked in those weeks when Named Plaintiff and other similarly situated employees worked less than forty (40) hours.

2. Named Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Named Plaintiff brings this case on behalf

of himself and other "similarly situated" persons who may join this case pursuant to 29 U.S.C. §216(b).

3. Named Plaintiff also bring this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA, the OPPA, and O.R.C. § 2307.60, individually and on behalf of other similarly situated employees employed by Defendant in Ohio.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Named Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in this District and Division and because a substantial part of the events and omissions giving rise to Named Plaintiff's claims occurred in this District and Division.

6. This Court has supplemental jurisdiction over Named Plaintiff's asserted state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Named Plaintiff John Burgess is an adult individual residing in Edon, Ohio. Named Plaintiff's written Consent to Join this Action is attached hereto as **Exhibit A**.

8. Named Plaintiff was employed by Defendant from approximately March 9, 2026, to approximately April 15, 2026, as a non-exempt, hourly manufacturing employee. Specifically, Named Plaintiff Burgess was employed by Defendant as an hourly assembly worker at Defendant's location in West Unity, Ohio.

9. At all relevant times, Named Plaintiff and other similarly situated employees were "employees" within the meaning of the FLSA and Ohio law.

10. At all relevant times, Named Plaintiff and those similarly situated employees were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Defendant Kamco Industries, Inc. is an Ohio for-profit corporation with its headquarters at 1001 E. Jackson Street, West Unity, Ohio 43570. Defendant can be served through its Ohio registered statutory agent: CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

12. At all relevant times, Defendant has been an employer within the meaning of the FLSA and Ohio law.

13. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that it has employees engaged in commerce or in the production of goods for commerce.

14. Defendant has an annual gross volume of sales made or business done of not less than $500,000.00.

## FACTUAL ALLEGATIONS

15. Defendant is a full-service provider of product design and manufacturer of injection, sheet molded and Formed Fiber Felt products.[1]

16. Named Plaintiff and other similarly situated employees were hourly manufacturing employees who worked for Defendant within the last three years. Defendant agreed to pay Named Plaintiff and other similarly situated employees for all hours worked for Defendant at a set hourly rate. Defendant further agreed to pay Named Plaintiff and other similarly situated employees for all hours worked for Defendant over forty (40) in a workweek at a premium rate of one and one-

[1] https://www.linkedin.com/company/kamco-industries-inc.. (last visited 6/25/2026).

half times their properly calculated regular rate. At no time was Named Plaintiff or other similarly situated employees paid on a salary basis.

17. Named Plaintiff and other similarly situated employees regularly worked forty (40) or more hours per workweek for Defendant.

18. At all relevant times, Named Plaintiff and other similarly situated employees were required to arrive more than fifteen (15) minutes before their scheduled shifts in order to engage in a pre-shift meeting.

19. Named Plaintiff and other similarly situated employees were not paid any amount for this pre-shift work and such time was not counted as hours worked for purposes of computing overtime.

20. Named Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

21. There was no practical administrative difficulty in recording this unpaid work of Named Plaintiff and other similarly situated employees. In fact, the time was captured by Defendant's electronic timeclock. Defendant, however, chose to ignore this time and paid Named Plaintiff and other similarly situated employees only from their scheduled shift start time, to their scheduled shift end time.

22. This unpaid work performed by Named Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

23. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiff and other similarly situated employees. For example, before Named Plaintiff and other similarly situated employees could begin their

manufacturing responsibilities, Defendant required them to attend daily pre-shift meetings. Named Plaintiff and other similarly situated employees could not effectively and safely perform their manufacturing duties without receiving this information and direction. Attendance at these pre-shift meetings was mandatory, directly related to Named Plaintiff's and other similarly situated employees' productive work, and performed for Defendant's benefit.

24. Named Plaintiff and other similarly situated employees performed this pre-shift work during the regular workday and during prescribed hours, and at the specific direction of Defendant or pursuant to an express provision of a written or unwritten contract. Therefore, the exemptions under Ohio R.C. 4111.031 do not apply, and the pre-shift meetings constitute compensable time worked under Ohio law. *See* O.R.C. 4111.031(B)(2) and (C)(1).

25. As a result of Named Plaintiff and other similarly situated employees not being paid for the pre-shift work described above, they were not paid for all hours worked and not paid overtime compensation for all the hours they worked in excess of forty (40) each workweek.

26. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and Ohio law. For example, to have the actual clocked work time for Named Plaintiff and other similarly situated employees, but to still pay them only from shift start time to shift end time, demonstrates a reckless disregard for the requirements of the FLSA and Ohio law.

**<u>Defendant's Recordkeeping Violations</u>**

27. The FLSA and Ohio law require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C. §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

28. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of

week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. §516.2.

29. Defendant kept records of some hours worked or otherwise had the ability to accurately track hours worked and overtime earned and owed through Defendant's hardware, software, and/or systems, by Named Plaintiff and other similarly situated employees.

30. However, because of Defendant's companywide practices described herein, Defendant failed to accurately track, keep, or transmit the hours worked each day by Named Plaintiff and other similarly situated employees.

31. Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly excluded compensable time worked. Defendant's failure to correctly classify such time as compensable hours worked had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated employees.

32. Defendant willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA, and the FLSA's recordkeeping requirements.

## COLLECTIVE ACTION ALLEGATIONS

33. Named Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and other similarly situated persons who have similar claims under the FLSA and who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

34. The FLSA Collective members who are "similarly situated" to Named Plaintiff which Named Plaintiff seeks to represent and for which Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Named Plaintiff himself is a member, is composed of and defined as follows:

> **All current and former hourly manufacturing employees of Defendant, including temporary employees as applicable, who worked forty (40) or more hours in a workweek at any time from three (3) years preceding the date of the filing of this Complaint through final disposition of this matter ("FLSA Collective Members").**

35. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims against Defendant for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

36. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendant's unlawful practice of failing to pay Named Plaintiff and the FLSA Collective an overtime premium of one and a half times their regular rate for all hours that exceeded 40 in the workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs

37. The identities of the putative FLSA Collective Members are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## OHIO CLASS ACTION ALLEGATIONS
**(Ohio Class)**

38. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the laws of the State of Ohio, which are defined as:

> **All current and former hourly manufacturing employees of Defendant, including temporary employees as applicable, who worked forty (40) or more hours in a workweek at any time from two (2) years preceding the date of the filing of this Complaint through final disposition of this matter ("Ohio Overtime Class").**
>
> **All current and former hourly manufacturing employees of Defendant, including temporary employees as applicable, who performed pre-shift work, including but not limited to pre-shift meetings, and who worked less than forty (40) hours in a workweek at any time from six (6) years preceding the date of the filing of this Complaint through final disposition of this matter ("Ohio Breach of Contract Class").**
>
> **All current and former hourly manufacturing employees of Defendant, including temporary employees as applicable, who performed pre-shift work, including but not limited to pre-shift meetings, and who worked less than forty (40) hours in a workweek at any time from four (4) years preceding the date of the filing of this Complaint through final disposition of this matter ("Ohio Quantum Meruit Class").**
>
> **All current and former hourly manufacturing employees of Defendant, including temporary employees as applicable, who performed pre-shift work, including but not limited to pre-shift meetings, and who worked less than forty (40) hours in a workweek at any time from four (4) years preceding the date of the filing of this Complaint through final disposition of this matter ("Ohio Unjust Enrichment Class").**

39. The Ohio Overtime Class, Ohio Breach of Contract Class, Ohio Quantum Meruit Class, and Ohio Unjust Enrichment Class will be jointly referred to as the Ohio Classes.

40. Each Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown but is estimated to exceed forty (40) individuals each. The

exact number as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio law. Ohio Cost. Art. II, § 34a.

41. There are questions of law or fact common to the Ohio Classes including whether Defendant failed to pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated employees, for all hours worked, and for all hours worked in excess of forty (40) in any week at the lawful amount of one and one-half times their respective regular rates as a result of Defendant's failure to pay Named Plaintiff and other similarly situated employees for time spent engaged in compensable pre-shift work.

42. The questions of law or fact that are common to the Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Classes, listed above, are common to each class as a whole, and predominate over any questions affecting only individual Ohio Class members.

43. Named Plaintiff's claims are typical of the claims of other members of the Ohio Classes. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Ohio Classes.

44. Named Plaintiff and the Ohio Classes have all been injured in that they have been uncompensated due to Defendant's common policy, practice, and willful conduct. Defendant's corporate wide policies and practices affected the Ohio Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Ohio Classes.

45. Named Plaintiff will fairly and adequately protect the interests of the Ohio Classes. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.

46. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Classes in this case.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

48. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Named Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of himself and the FLSA Collective Members who will join this case pursuant to 29 U.S.C. § 216(b).

50. The FLSA requires that Defendant's hourly non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

51. As hourly non-exempt employees, Named Plaintiff and the FLSA Collective Members should have been paid overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay when they worked more than forty (40) hours in a workweek.

52. Named Plaintiff and the FLSA Collective Members were not paid for all time worked as a result of Defendant's failure to pay Named Plaintiff and the FLSA Collective Members for compensable pre-shift work, as described above.

53. At all relevant times, Named Plaintiff and the FLSA Collective Members regularly worked forty (40) or more hours per workweek for Defendant.

54. Defendant's practice and policy of failing to pay Named Plaintiff and the FLSA Collective Members for compensable pre-shift work resulted in Defendant's failure to pay Named Plaintiff and the FLSA Collective Members overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of forty (40) per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.23.

55. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the FLSA Collective Members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

56. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

57. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

58. As a result of Defendant's violations of the FLSA, Named Plaintiff and the FLSA Collective Members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

**COUNT TWO**
**(Ohio Class - Overtime Violations)**

59. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

60. Named Plaintiff brings this claim for violation of the OMFWSA, on behalf of himself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

61. Named Plaintiff and the Ohio Class members were not paid all overtime earned because Defendant failed to pay Named Plaintiff and the Ohio Class members for compensable pre-shift work.

62. At all relevant times, Named Plaintiff and the Ohio Class members regularly worked forty (40) or more hours per workweek for Defendant.

63. Defendant's practice and policy of not paying Named Plaintiff and the Ohio Class members for compensable pre-shift work, as described above, resulted in Defendant's failure to pay Named Plaintiff and the Ohio Class members overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of forty (40) per workweek.

64. Named Plaintiff and the Ohio Class members were not paid lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of forty (40) in a workweek, resulting in overtime violations of Ohio law.

65. Defendant failed to pay Named Plaintiff and the Ohio Class members the required overtime compensation.

66. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the Ohio Class members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

67. Defendant's practice and policy of not paying Named Plaintiff and the Ohio Class members for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the OMFWSA.

68. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the Ohio Class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

69. As a result of Defendant's violations of the OMFWSA, Named Plaintiff and the Ohio Class members were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

**COUNT THREE**
**(Ohio Class – Breach of Contract)**

70. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

71. Named Plaintiff seeks compensation for those shifts in which he completed pre-shift work, including but not limited to pre-shift meetings.

72. A valid and enforceable agreement existed between Named Plaintiff and Defendant, and the Breach of Contract Class Members and Defendant, the terms and conditions of which include, but are not limited to, and agreement by Named Plaintiff and the Breach of Contract

Class Members to perform services for Defendant, and for Defendant to pay Named Plaintiff and the Breach of Contract Class Members for all hours worked at an agreed hourly rate.

73. More specifically, under Ohio law, the elements of an enforceable contract are an offer, acceptance, consideration, and mutual meeting of the minds.

74. Here, a contract was formed at the time Named Plaintiff was hired by Defendant. The contract was an offer made at the time of hire. The contract was a written contract, memorialized through Defendant's integrated compensation system, including Defendant's employee handbook(s), payroll records, written policies, and pay statements. The terms of the contract were straightforward. Named Plaintiff agreed to perform work for Defendant in exchange for Defendant's payment of an hourly rate for all hours worked by Named Plaintiff. That is, Defendant made an offer to Named Plaintiff and each member of the Breach of Contract Class to pay Named Plaintiff and the Breach of Contract Class an hourly rate for all work performed for Defendant. Named Plaintiff accepted that offer and began performing work for Defendant. Defendant violated the agreement by failing to pay for all work performed, including the time spent performing pre-shift work, including but not limited to pre-shift meetings.

75. Further, the consideration provided by Defendant to Named Plaintiff was a set amount of money for each hour worked. Moreover, Defendant and Named Plaintiff had a meeting of the minds of an agreed hourly rate for all hours worked. Again, Defendant violated this agreement.

76. Defendant failed to pay Named Plaintiff for time spent engaged in compensable pre-shift work, including but not limited to attending pre-shift meetings, and therefore, breached its agreement with Named Plaintiff.

77. Finally, Named Plaintiff suffered damages as a result of Defendant's breach of the agreement. Named Plaintiff was not paid for all time worked in those weeks when he worked less than forty (40) hours. Consequently, he was denied monetary compensation due under the law.

78. The same facts exist for the Breach of Contract Class Members.

79. Named Plaintiff and the Breach of Contract Class Members duly performed under the agreement at Defendant's direction and for its benefit, as noted herein.

80. Defendant failed and refused to fulfill its obligation under the agreement by not paying Named Plaintiff and the Breach of Contract Class Members for compensable pre-shift work.

81. Named Plaintiff and the Breach of Contract Class Members are entitled to recover damages from these breaches from six (6) years preceding the date this Complaint was filed.

**<u>COUNT FOUR</u>**
**(Ohio Class – Quantum Meruit)**

82. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

83. Named Plaintiff seeks compensation for those shifts in which he completed pre-shift work, including but not limited to pre-shift meetings.

84. This claim is pled in the alternative to Count Three. Named Plaintiff and the Quantum Meruit Class Members performed and provided valuable work (described in this Complaint) to Defendant during their employment with Defendant.

85. The pre-shift work performed by Named Plaintiff and the Quantum Meruit Class Members worked, including but not limited to time spent engaged in pre-shift meetings, constituted compensable hours that were primarily for the benefit of Defendant, performed at the direction of Defendant, performed during the workday, and performed during prescribed hours.

86. Defendant had knowledge of, accepted, appreciated, and retained the benefit of Named Plaintiff's and the Quantum Meruit Class Members' work.

87. No contract exists between Named Plaintiff and Defendant, and the Quantum Meruit Class Members and Defendant.

88. Defendant had reasonable notice and/or knowledge that Named Plaintiff and the Quantum Meruit Class Members expected to be compensated for the time spent performing pre-shift work, including but not limited to attending pre-shift meetings.

89. Defendant failed to pay Named Plaintiff and the Quantum Meruit Class Members the reasonable value of their work.

90. Under the circumstances described in this Complaint, it would be inequitable for Defendant to retain the benefit without proper payment of value to Named Plaintiff and the Quantum Meruit Class Members.

91. Named Plaintiff and the Quantum Meruit Class Members are entitled to recover damages under this claim from four (4) years preceding the date this Complaint was filed.

**COUNT FIVE**
**(Ohio Class – Unjust Enrichment)**

92. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

93. Named Plaintiff seeks compensation for those shifts in which he completed pre-shift work, including but not limited to pre-shift meetings.

94. This claim is pled in the alternative to Count Three. Named Plaintiff and the Unjust Enrichment Class Members performed and provided valuable work (described in this Complaint) to Defendant during their employment with Defendant.

95. The services provided by Named Plaintiff and the Unjust Enrichment Class Members provided a benefit to Defendant. Namely, the pre-shift work performed by Named Plaintiff and the Unjust Enrichment Class Members provided a benefit to Defendant by ensuring that Defendant had products to sell in order to sustain its business.

96. Defendant was aware of the benefit provided by Named Plaintiff and the Unjust Enrichment Class Members. Indeed, Defendant required Named Plaintiff and the Unjust Enrichment Class Members to perform the pre-shift work, had knowledge of the work, and was aware of the benefit provided by Named Plaintiff and the Unjust Enrichment Class Members performing the pre-shift work.

97. The pre-shift work constituted compensable work that was primarily for the benefit of Defendant, performed at the direction of Defendant, performed during the workday, and performed during prescribed hours.

98. Defendant had knowledge of, accepted, appreciated, and retained the benefit of Named Plaintiff's and the Unjust Enrichment Class Members' pre-shift work.

99. Under these circumstances, it would be unfair and inequitable for Defendant to retain the benefit of the services and work performed by Named Plaintiff and the Unjust Enrichment Class Members without compensating them.

100. Named Plaintiff and the Unjust Enrichment Class Members are entitled to recover damages under this claim from four (4) years preceding the date this Complaint was filed.

**COUNT SIX**
**(Ohio Class- Prompt Pay Claim)**

101. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

102. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

103. Named Plaintiff brings this claim for violation of Ohio's Prompt Pay Act, on behalf of himself and all members of the Ohio Classes for which certification is sought pursuant to Fed. R. Civ. P. 23.

104. Here, Defendant failed to pay Named Plaintiff and the members of the Ohio Classes for all overtime compensation at a rate of one and one-half times their properly calculated regular rates of pay within the time periods required by the OPPA. This resulted in Named Plaintiff and the members of the Ohio Classes not receiving all wages that they earned and were entitled to receive under state and federal law.

105. There is no dispute that Named Plaintiff and the members of the Ohio Classes are required to be paid all work time, including regular wages and overtime, under Ohio law.

106. Named Plaintiffs and the members of the Ohio Classes were not timely paid all wages earned because Defendant failed to pay Named Plaintiff and the members of the Ohio Classes for the compensable pre-shift work described herein.

107. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the members of the Ohio Classes is unknown at this

time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

108. Defendant's failure to pay all wages due under Ohio's Prompt Pay Act to Named Plaintiff and the members of the Ohio Classes entitles them to the unpaid wages, plus "an amount equal to six per cent (6%) of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

**COUNT SEVEN**
**(Ohio Classes and Civil Penalties for Criminal Acts – O.R.C. § 2307.60)**

109. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

110. Named Plaintiff brings this claim for Civil Penalties for Criminal Acts, pursuant to O.R.C. § 2307.60 on behalf of himself and all members of the Ohio Classes for which certification is sought pursuant to Fed. R. Civ. P. 23.

111. The FLSA, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

112. By its acts and omissions described herein, Defendant has willfully violated the FLSA and Named Plaintiff and the members of the Ohio Classes were injured as a result.

113. Ohio R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

114. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the members of the Ohio Classes are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, respectfully requests that this Honorable Court:

A. Authorize Court-approve notice be issued to similarly situated persons informing them of this action and enabling them to opt in pursuant to 29 U.S.C. § 216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and the members of the Ohio Classes;

C. Enter judgment against Defendant and in favor of Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes;

D. Award Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Overtime Class actual damages for unpaid overtime wages;

E. Award Named Plaintiff and the members of the Ohio Breach of Contract Class, Ohio Quantum Meruit Class, and the Ohio Unjust Enrichment Class unpaid straight time wages in those weeks when they worked less than 40 hours;

F. Award Named Plaintiff and the FLSA Collective Members liquidated damages equal in amount to the unpaid wages found due to Named Plaintiff and the FLSA Collective Members;

G. Award Named Plaintiff and the members of the Ohio Classes, as liquidated damages, an amount equal to six per cent (6%) of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater;

H. Find that Defendant acted willfully and without a good faith basis for its violations of the FLSA and O.R.C. § 2307.60;

I. Award Named Plaintiff and the members of the Ohio Classes compensatory and punitive damages pursuant to O.R.C. § 2307.60;

J. Award Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes pre-judgment and post-judgment interest at the statutory rate;

K. Award Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

L. Award Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES LEGAL GROUP LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
Jay E. Krasovec (0069787)
Nicholas A. Boggs (0102430)
700 W. St. Clair Ave., Suite 320
Cleveland, OH 44113
Telephone: (234) 401-9371
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com
jkrasovec@ohlaborlaw.com
nboggs@ohlaborlaw.com

Hans A. Nilges (0076017)
7034 Braucher Street, N.W., Suite B
North Canton, Ohio 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
*Counsel for Plaintiff*